IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## DANNY WORTHINGTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Scott County**
**No. 7694-PCR**
**James B. Scott, Jr., Judge, Sitting by Designation**

---

**No. E2003-01929-CCA-R3-PC - Filed March 28, 2005**

---

The Appellant, Danny Worthington, appeals the judgment of the Scott County Criminal Court denying post-conviction relief. On appeal, Worthington argues that trial counsel was ineffective for providing erroneous advice and, as a result, his guilty plea was not knowingly and voluntarily entered. After review, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA McGEE OGLE, JJ., joined.

Kenneth F. Irvine, Jr. and John H. Rion, Attorneys for the Appellant, Danny Worthington.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; John W. Galloway, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On April 26, 1998, Rodney Walden, a clerk at Fill'n'Foods in Helenwood, was severely beaten with a hammer during a robbery of the convenience store in which $1,032.75 was taken from the cash register. The police apprehended two of the perpetrators who identified the Appellant as their accomplice. At the time of the robbery, the Appellant was sixteen years old. Following his transfer from juvenile court, the Appellant was indicted for especially aggravated robbery. Under the terms of a plea agreement, the Appellant pled guilty to aggravated robbery and received an agreed sentence of fifteen years as a Range II multiple offender.

In November 1999, the Appellant filed the instant petition for post-conviction relief alleging ineffective assistance of counsel and an involuntary guilty plea. An evidentiary hearing was held on September 7, 2001, and the post-conviction court denied relief by written order on July 3, 2003. This appeal followed.

## Analysis

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To succeed on a challenge of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

On appeal, the Appellant argues that trial counsel misinformed him regarding the maximum sentence he could receive if he went to trial and further misinformed him regarding his parole eligibility date. At the post-conviction hearing, the Appellant testified that trial counsel told him that if he chose to go to trial upon the indicted crime of especially aggravated robbery, he would be found guilty and would be required to serve sixty years. Additionally, the Appellant testified he was told that if he accepted the plea offer of fifteen years as a Range II offender, he would "get out in maybe about three-and-a-half, four, but . . . do no more than five" years. This testimony was materially contradicted by the Appellant's trial counsel. Trial counsel testified that the State's case against the Appellant was compelling. The victim in the case was badly beaten with a hammer and, as a result, suffered serious bodily injury. Two of the Appellant's accomplices were ready to testify against the Appellant and name the Appellant as the person who struck the victim. Another witness was prepared to testify that several days after the robbery, the Appellant had come into possession of a large amount of cash. Finally, one witness was willing to testify that the Appellant admitted to her that he was the person who beat the victim with a hammer.

Trial counsel stated that days before the scheduled trial date, he discussed the State's plea offer of fifteen years as a Range II offender with the Appellant. Counsel testified that he explained to the Appellant that, if he were found guilty of especially aggravated robbery, he would be required to serve 100% of a sentence between fifteen and twenty-five years.[1] Counsel denied ever advising the Appellant that he could or would be required to serve sixty years in confinement. Additionally, trial counsel testified that he explained to the Appellant that he would be "eligible for parole after pulling 35 percent of the 15-year sentence" and that "he could maybe be out in five to six years."

At the conclusion of the hearing, the post-conviction court entered the following findings:

> [Appellant's] testimony at the post conviction hearing, essentially contrast with the testimony given at the plea hearing. At the post conviction hearing, [Appellant] states that he was pressured by defense counsel to plead guilty . . . that he was informed that he could receive 60 years and was told by [trial counsel] just to glance at his plea papers and sign them and answer the Judge's questions with a "yes sir" to get the plea over with.
>
> The plea hearing proof was in contrast to the testimony presented at the post conviction hearing and this Court finds that the [Appellant's] proof fails to support the allegations of ineffective assistance of counsel.
>
> . . .
>
> The [Appellant] has not established defense counsel's performance was deficient and that the deficiency prejudiced any defense available to this [Appellant.]
>
> . . .

Implicit within the finding that the Appellant's proof fails to support the allegation of deficient performance is the post-conviction court's accreditation of the advice rendered by trial counsel regarding the Appellant's sentence exposure at trial and parole eligibility. The record does not preponderate against these findings or the conclusion that trial counsel was not ineffective in his representation of the Appellant. Moreover, review of the entire record, including the plea submission hearing, affirmatively demonstrates that the Appellant's guilty plea was made with an awareness of the consequences of the plea, and, as such, the guilty plea was voluntarily and knowingly entered. *See State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977).

## CONCLUSION

---

[1] Especially aggravated robbery is classified as a violent offense, whereas aggravated robbery is not. Tenn. Code Ann. § 40-35-501(i)(2) (2003).

Based upon the foregoing, we conclude that the post-conviction court did not err in ruling that trial counsel's representation was not deficient.  Accordingly, the judgment of the post-conviction court denying relief to the Appellant is affirmed.


_____
DAVID G. HAYES, JUDGE